**HOWARD & HOWARD ATTORNEYS PLLC**
Ryan A. Ellis, Esq.
California State Bar No. 272868
2049 Century Park East, Suite 330
Los Angeles, CA 90067
Telephone: (424) 303-7700
Facsimile: (424) 274-3202
Email: re@h2law.com
*Attorneys for Plaintiff*
*TETRONICS (INTERNATIONAL) LIMITED*
*(United Kingdom)*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRONICS (INTERNATIONAL) LIMITED (United Kingdom),<br><br>Plaintiff,<br><br>v.<br><br>BLUEOAK RESOURCES, INC., A Delaware corporation,<br><br>Defendant. | Case No.: 3:20-cv-03574<br><br>**PLAINTIFF TETRONICS' COMPLAINT TO CONFIRM ARBITRAL AWARD AGAINST BLUEOAK RESOURCES, INC.** |

**PLAINTIFF TETRONICS' COMPLAINT TO CONFIRM<br>ARBITRAL AWARD AGAINST BLUEOAK RESOURCES, INC.**

Plaintiff Tetronics (International) Limited ("Tetronics") submits this Complaint to initiate a civil action to confirm a recently issued arbitral award **(Exhibit A)**, and in support thereof states as follows:

### PARTIES

1.  Tetronics (Company No. 00812104) is a United Kingdom limited liability company whose registered address is Marston Gate, Stirling Road, South

Marston Park, Swindon, United Kingdom, SN3 4DE.  Tetronics is in the business of supplying engineering and design services and equipment related to plasma recovery systems.

2. Tetronics' sole member is Tetronics Holdings Limited, a United Kingdom limited liability company whose registered office is also located in Swindon, United Kingdom.  Tetronics Holdings Limited has only one member, Keech Furnace Technologies International Pte. Ltd., a limited liability company based and registered in Singapore.  The sole member of Keech Furnace Technologies International Pte. Ltd. is Valinger Holdings Pte. Ltd., also a limited liability company located and registered in Singapore.  The sole member of Valinger Holdings Pte. Ltd. is Marc C. Veitch, a natural person who is domiciled in Singapore.  Therefore, for purposes of diversity jurisdiction, Tetronics is domiciled in Singapore.

3. BlueOak Resources, Inc. ("BlueOak") is a Delaware corporation having its principal place of business and registered office in San Francisco, California.  For purposes of diversity jurisdiction, BlueOak is domiciled in California.

## JURISDICTION AND VENUE

4. There is complete diversity between the parties because Tetronics is domiciled in Singapore and BlueOak is domiciled in California.

5. This Court has personal jurisdiction over BlueOak.

6. This case involves more than $10,000,000 at issue.  Therefore, the matter in controversy exceeds $75,000 exclusive of interest and costs.

7. This Court has subject matter over this controversy pursuant to 28 U.S.C. §1332 (diversity jurisdiction).

8. This Court also has subject matter jurisdiction in this case pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. and the California Arbitration Act, Cal Civ Pro Code § 1280 et seq.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District and is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

10. Tetronics and BlueOak entered into a License Agreement in February, 2014. (*See* **Exhibit B**.)

11. Several years later, Tetronics and BlueOak, together with BlueOak's affiliate BlueOak Arkansas, LLC ("BOA"), became embroiled in a dispute.

12. Section 19 of the License Agreement includes an arbitration clause. Under that clause, the parties agree that if they cannot reach amicable resolution, then all disputes, controversies or differences of any kind which arise between the parties in connection with or arising out of the License Agreement shall be finally and exclusively resolved by arbitration under the rules of the International Chamber of Commerce (the "ICC"). The clause provides that one arbitrator shall be appointed in accordance with ICC rules, and that the place of arbitration shall be Paris, France (unless otherwise agreed to by the parties.)

13. The arbitration clause also provided that any arbitration award would be enforceable in any court where party is domiciled. Specifically, the arbitration clause provides:

> The arbitration provision shall be enforceable by any court in any jurisdiction in which the Seller or the Buyer is domiciled, may be found or has assets and the parties' consent to the jurisdiction of any such court.

(**Exhibit B**, Clause 19.5.)

14. Tetronics' contract with BOA included a nearly identical arbitration provision.

15. In accordance with the arbitration clause, Tetronics submitted an arbitration claim against BOA to the ICC. BOA later submitted to the ICC a

counterclaim for arbitration against Tetronics. Later still, Tetronics amended its claim to include BlueOak as a respondent in the Arbitration. BlueOak never objected to arbitration of the claims, and never objected to the ICC forum.

16. After more than two years of extensive litigation, the arbitrator appointed to hear the dispute, Gerald Ghikas, issued his award. After scrutiny of the award by the ICC, the ICC duly issued the Arbitrator's Final Award to the parties on Monday, April 20, 2020. (*See* **Exhibit A**.) Tetronics now requests that this Honorable Court confirm the Arbitral Award as a Judgment of this Court with respect to BlueOak.

17. Upon motion by a party, Section 9 of the Federal Arbitration Act ("FAA") requires that a court grant an order confirming an arbitration award where, as here, no cause exists to vacate, modify or correct the arbitration award:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

18. Likewise, the California Arbitration Act provides that a court shall confirm an arbitral award unless there is grounds for the award to be modified or vacated. Cal Civ Pro Code § 1280 et seq.

## REQUESTED RELIEF

19. Tetronics respectfully requests the following relief:

  A. To enter a judgment confirming the arbitral award found at **Exhibit A** pursuant to 9 U.S.C. § 9 and/or, in the alternative, pursuant to Cal Civ Pro Code § 1280 et seq. with respect to BlueOak;

  B. To award Tetronics interest in the amount accruing since entry of the arbitral award;

  C. To award attorneys' fees and legal expenses incurred in these judicial proceedings; and

  D. To award Tetronics any other relief the Court may deem just, equitable, and proper.

Dated: May 28, 2020    Respectfully submitted,
           HOWARD & HOWARD ATTORNEYS PLLC

            /s/ *Ryan A. Ellis*
           Ryan A Ellis, Esq.
           *Attorneys for Plaintiff*