UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TETRONICS INTERNATIONAL (UNITED KINGDOM),<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BLUEOAK RESOURCES, INC.,<br><br>　　　　　Defendant. | Case No.  20-cv-03574-VC<br><br>**ORDER REQUIRING CLARIFICATION RE SERVICE**<br><br>Re: Dkt. No. 37 |

　　　　In connection with the motion for default judgment and motion to confirm the arbitration award, Tetronics is directed to file a supplemental brief addressing whether it properly served BlueOak. Tetronics followed a California Corporations Code section, which permits service on a dissolved corporation by serving an officer or a director. *See* Cal. Corp. Code § 2011.[1] But it is not clear that this section applies to a *foreign* corporation that has dissolved. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 n.3 (9th Cir. 1985) ("California courts have concluded that the Corporations Code 'does not apply to foreign corporations which have dissolved.'"); *Greb v. Diamond International Corp.*, 56 Cal. 4th 243, 265 (2013) ("[W]e disagree with plaintiffs' assertion that foreign corporations . . . undertak[ing] 'repeated and successive transactions of its business in this state' are thereby rendered 'organized under' division 1, the

---

[1] Tetronics claims BlueOak was properly served according to a Corporations Code section that pertains to "Nonprofit Public Benefit Corporations." *See* Cal. Corp. Code § 6721. But Tetronics never suggested that BlueOak was a nonprofit corporation. Section 2011, which addresses service on dissolved corporations and allows the same method for service as the section Tetronics cited in its briefs, appears more fitting. Nevertheless, the same general concerns regarding the Code's applicability to foreign corporations are relevant to section 6721.

General Corporation Law, and hence subject to its myriad provisions . . . .").

It is possible that Tetronics properly served BlueOak by serving Bradoo. *See, e.g.*, Cal. Civ. Proc. Code § 416.20 (allowing service on a dissolved corporation by serving "a person who is a trustee of the corporation and of its stockholders or members"). But this is not clear from the current record. Accordingly, Tetronics must clarify whether service was proper and, if so, under what method. The supplemental brief is due no later than November 9, 2020, at 5:00 p.m. The upcoming hearing is rescheduled from October 29, 2020, to November 19, 2020.

**IT IS SO ORDERED.**

Dated: October 27, 2020

_____
VINCE CHHABRIA
United States District Judge